UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dino A. Schmidt,

      Plaintiff,

v.                                          Case No.  14-13885
                                            Honorable Sean F. Cox
                                            Magistrate Judge R. Steven Whalen

Commissioner of Social Security,

      Defendant.

_____/

**ORDER ACCEPTING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff brought this action seeking judicial review of the Commissioner of Social Security's determination that he is not entitled to disability insurance benefits and supplemental security income for his mental and physical impairments under 42 U.S.C. § 405(g).  (Doc. #1).

Sometime thereafter, Plaintiff and Defendant filed cross-motions for summary judgment. (Doc. #15 and Doc. #16).  All proceedings in this case were referred to Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. §§ 636(b)(1)(A), (B), and (C).  (Doc. #3).

On October 26, 2015, Magistrate Judge Whalen issued a Report and Recommendation ("R&R") wherein he recommended that the Court DENY Defendant's Motion for Summary Judgment, and GRANT Plaintiff's Motion for Summary Judgment to the following extent: 1) a remand for an award of benefits for, at a minimum, a closed period of at least 12 months under Listing 3.03B; 2) a remand for determination of whether Dr. Long's treating opinion is entitled to controlling weight; and 3) a remand for determination of whether Plaintiff is entitled to

1

ongoing benefits. (Doc. #20). Defendant timely filed objections to this R&R on November 3, 2015. (Doc. #21). Plaintiff filed a Response to Defendant's objections. (Doc. #24).

The Court finds Defendant's objections to be without merit. The Court shall therefore **ADOPT** the R&R, **GRANT** Plaintiff's Motion for Summary Judgment, to the extent specified in the Magistrate Judge's October 26, 2015 R&R, and **DENY** Defendant's Motion for Summary Judgment.

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. Fed. R. Civ. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d). Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

2

# ANALYSIS

Plaintiff's Motion for Summary Judgment sought to have this Court reverse the Administrative Law Judge's ("ALJ") conclusion that Plaintiff was not under a disability because Plaintiff was able to perform other work.  Plaintiff argued: 1) that the ALJ erred at the third step of the sequential evaluation process by failing to properly consider whether Plaintiff met listed impairment 3.03; and 2) that the ALJ failed to properly consider and give controlling weight to the opinion of treating physician Dr. Toby Long.  (Doc. #15, Pl.'s Br. at 10, 16).

Defendant cross-motioned for summary judgment, arguing, *inter alia*, that: 1) as a matter of law, there is no possibility that the evidence that plaintiff advances could meet a listing because an impairment must persist at listing-level severity for at least a continuous period of twelve months for a listing to be met; and 2) that the ALJ permissibly discounted the opinion of Plaintiff's treating physician,  Dr. Long.  (Doc. #16, Def.'s Br. at 11-12).

Magistrate Judge Whalen recommended that the Court grant Plaintiff's motion, to a certain extent[1], and deny Defendant's motion because the ALJ erred in determining that Plaintiff did not meet Listing 3.03(B) (R&R at 13-15) and because the ALJ failed to properly articulate "good reasons" for discounting Dr. Long's treating opinion.  (R&R at 15-17).

Defendant has lodged three objections to Magistrate Judge Whalen's October 26, 2015 R&R.  (Doc. #21, Def.'s Objs.).  First, Defendant argues that the Magistrate Judge "erred in recommending reversal of the ALJ's finding that Listing 3.03(B) (Asthma) was not met."

---

[1] Magistrate Judge Whalen recommended that Plaintiff's motion be granted to the following extent: 1) a remand for an award of benefits for, at a minimum, a closed period of at least 12 months under Listing 3.03B; 2) a remand for determination of whether Dr. Long's treating opinion is entitled to controlling weight; and 3) a remand for determination of whether Plaintiff is entitled to ongoing benefits.

3

(Def.'s Objs. at 1).  Second, Defendant argues that the Magistrate Judge "erred in finding that Plaintiff is entitled to remand for an award of a closed period of disability and reconsideration of the entire alleged disability period."  (Def.'s Objs. at 4).  And finally, Defendant argues that "the Magistrate Judge erred in finding that the ALJ failed to give good reasons for discounting Dr. Long's Opinion."  (Def.'s Objs. at 10).

The Court finds that Defendant has not asserted any proper objections to the R&R.  As explained below, Defendant's objections advance the same arguments that Magistrate Judge Whalen has already rejected without pointing to a specific deficiency in the Magistrate Judge's reasoning.  Additionally, the Court agrees with the Magistrate Judge's analysis as to the issues challenged.

**Defendant's First Objection**

Defendant's first objection has already been advanced before, and rejected by, the Magistrate Judge.  In her brief, Defendant argued that, "as a matter of law, there is <u>no possibility</u> that the evidence that plaintiff advances could meet a listing, because an impairment must persist at listing-level for at least a continuous period of twelve months for a listing to be met..."  (Def.'s Br. at 11) .  The Magistrate Judge exhaustively addressed this argument and correctly pointed out that:

> [u]nder Listing 3.03B a claimant can establish disability by experiencing attacks by either (1) "at least once every 2 months" *or* (2) "at least six times a year." (Emphasis added).  While the following sentence states that "an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks, it cannot be interpreted to state that an individual experiencing at least six attacks over the course of eight to nine months, followed by a three to four month period without a hospitalization, does not meet the Listing.
>
> . . . .

4

Moreover, the ALJ acknowledged that Plaintiff experienced asthma for more than 12 months by including it among the "severe" impairments at Step Two.

(R&R at 13-14). For the reasons set forth in the R&R, the Court finds that Defendant's first objection is without merit. Defendant appears to conflate the duration requirement with the additional requirements specified in each Listing. Despite Defendant's assertions, the 12-month requirement is separate from the specifications of each Listing. Here, Magistrate Judge Whalen correctly found that the ALJ had already determined that Plaintiff's asthma had lasted, or was expected to last, 12 months and that Plaintiff had in fact satisfied the additional "6 times a year" requirement specified in Listing 3.03(B). (R&R at 13-14).

Defendant's objection also fails because it serves as an attempt to advance a Step Two argument at Step Three. Defendant's argument mistakenly presumes that the ALJ had not already determined, at Step Two of the sequential process, that Plaintiff's asthma satisfied the 12-month duration requirement. (R&R at fn. 3, "Notably in contrast, the ALJ declined to include sleep apnea among the severe impairments because the medical evidence did not support a finding that the condition lasted 12 months."). However, most detrimental to Defendant's objection is the fact that, here, a determination of not disabled occurred at Step Five. The ALJ concluded that despite Plaintiff's severe impairments, Plaintiff was still able to perform other work. At this point in the sequential evaluation process, Plaintiff's severe impairments must have necessarily met the 12-month requirement. If the ALJ determined that the duration requirement had not been satisfied, Plaintiff would have been found disabled at Step Two: "[a]t the second step, we consider the medical severity of your impairment(s). *If you do not* have a severe medically determinable physical or mental impairment that *meets the duration requirement*, we will find that *you are not disabled*." 20 C.F.R. § 404.1520(a)(4)(ii). Thus, this

5

objection fails for the same reasons advanced in the R&R, and for the additional reasons advanced above.  Accordingly, Defendant's first objection is overruled.

**Defendant's Second Objection**

In her second objection, Defendant argues that the Magistrate Judge erred: 1) in ordering a remand for an award of a closed period of disability; and 2) in recommending reconsideration of the entire alleged disability period.  Defendant's objection is without merit.  The Court also notes that Defendant does not properly flesh out the arguments advanced here.

As to the first claim of error, Defendant argues that there is no *prima facie* showing that Plaintiff did not retain the limited sedentary RFC determined by the ALJ for a continuous period of 12 months.  (Def.'s Objs. at 5).  To the extent that this argument relates to an award of a closed period of disability, it is misplaced.  Here, Defendant appears to be arguing that Plaintiff bears the burden of establishing that he cannot perform sedentary work at Step Three of the sequential evaluation process.  Although Defendant is correct in that it is Plaintiff's burden to demonstrate limitations, there is no such burden at Step Three.  Defendant has not cited authority that supports the proposition that Plaintiff is required to rule out sedentary work at this point in the sequential evaluation.  This is because these limitations are implicated at Steps Four and Five of the sequential evaluation process.  Magistrate Judge Whalen's order as to an award of benefits pertains solely to a Step Three determination that Plaintiff met Listing 3.03(B).  Accordingly, if Plaintiff  "suffers from one of the listed impairments, benefits are owing without further inquiry."  *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).  It belies common sense to hold Plaintiff accountable for an RFC determination that would not have been reached had the ALJ properly determined that Plaintiff met Listing 3.03(B).  As Magistrate Judge Whalen

6

determined, an award of benefits for a closed period was proper here because "the record shows that Plaintiff's hospitalizations for asthma attacks in 2011 and 2012 establish disability under Listing 3.03B, at minimum, for a closed period of at least one year." (R&R at 18).

Moreover, Defendant's argument that the ALJ's RFC determination is supported by substantial evidence is not persuasive and has already been raised before the Magistrate Judge. Defendant's focus is on the fact that a "non-examining source can outweigh treating source opinions as long as the former is 'supported by evidence in the case record.'" (Def.'s Objs. at 7) (citations omitted). However, in making this argument, Defendant ignores the fact that the Magistrate Judge took issue with the ALJ's decision to discount the opinion of Plaintiff's treating source when reaching the RFC determination. As will be explained in the section below, the ALJ did not properly support its decision to adopt one opinion over another with "good reasons." Accordingly, Magistrate Judge Whalen correctly determined that, "while the record does not establish overwhelmingly that Plaintiff met the listings for either COPD or emphysema for the period in question, his extensive treatment for these conditions, in combination with the other physical and mental conditions, casts doubt on the Step Five finding that he is capable of even sedentary work. [T]hus, Plaintiff is entitled... [to a] reconsideration of his entitlement to further or ongoing benefits." (R&R at 19).

Defendant has not presented any argument that persuades this Court to reject Magistrate Judge Whalen's conclusions. Thus, Plaintiff's second objection is overruled.

**Objection 3**

In her last objection, Defendant argues that Magistrate Judge Whalen erred in concluding that the ALJ failed to give good reasons for discounting Dr. Long's opinion. (Def.'s Objs. at

10).  The reasons advanced by Defendant in this regard have already been raised before, and

properly rejected by, the Magistrate Judge.  As Magistrate Judge Whalen noted:

> The ALJ's conclusion that Dr. Long based the bulk of his findings on subjective
> but unsupported complaints is inaccurate.  While the ALJ discounted Plaintiff's
> claim of back problems, the 2008 cervical spine fracture and ensuing back pain is
> well documented by the treating sources (Tr. 570).  Although the ALJ appeared to
> conclude that Dr. Long found that the exertional limitations were attributable to
> back problems alone, his assessment notes that Plaintiff's exertional abilities were
> not just limited by back problems but primarily, the "most severe" diagnosis of
> emphysema, combined with chronic pain and a history of anxiety would severely
> restrict his work abilities (Tr. 580).  Dr. Long's treating records, documenting the
> long-term respiratory problems due to asthma, emphysema, and COPD, support
> the finding that Plaintiff experienced significant exertional limitations as a result
> of respiratory problems (Tr. 572-577).  Dr. Long's finding that Plaintiff
> experienced disabling respiratory problems is supported by the hospital records
> and objective testing (Tr. 495, 511).  Because the ALJ's explanation for
> discounting the treating opinion does not constitute "good reasons," under §
> 404.1527(c)(2), a remand on this basis is also appropriate.

(R&R at 17).  And although Defendant's objection is comprised of countless "good reasons"[2]

that support the ALJ's decision to discount the treating opinion of Dr. Long,  it is the duty of the

ALJ to substantiate its decision with "good reasons," not Defendant's.  Thus, Magistrate Judge

Whalen properly concluded that the "ALJ's weakly supported rejection of Dr. Long's opinion

points to a remand for further fact-finding rather than an award of benefits."  (R&R at 18).

Accordingly, Defendant's third objection is overruled.

## CONCLUSION

Because Defendant has presented no argument that persuades this Court to reject

Magistrate Judge Whalen's resolution of the challenged issues, the Court concludes that

Defendant's objections to the October 26, 2015 R&R are without merit.  The Court shall

---

[2] The Court does not concede that the reasons advanced by Defendant are "good
reasons," but only that they are alleged by Defendant as such.

**ADOPT AND ACCEPT** the October 26, 2015 R&R. Thus, the Court shall **DENY** Defendant's

Motion for Summary Judgment and **GRANT** Plaintiff's Motion for Summary Judgment, to the

following extent: 1) a remand for an award of benefits for, at a minimum, a closed period of at

least 12 months under Listing 3.03B; 2) a remand for determination of whether Dr. Long's

treating opinion is entitled to controlling weight; and 3) a remand for determination of whether

Plaintiff is entitled to ongoing benefits.

       **IT IS SO ORDERED.**

                             S/Sean F. Cox
                             Sean F. Cox
                             United States District Judge

Dated:  February 9, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on
February 9, 2016, by electronic and/or ordinary mail.

                             S/Jennifer McCoy
                             Case Manager